```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

United States of America

    v.                            Case No. 2:18-cr-102

Marisa Wallace

## OPINION AND ORDER

By judgment entered on April 8, 2019, defendant was sentenced to concurrent terms of incarceration of 72 months on Count 1, conspiracy to distribute and to possess with the intent to distribute 500 grams or more of methamphetamine and oxycodone in violation of 21 U.S.C. §846, and Count 2, Conspiracy to commit money laundering in violation of 18 U.S.C. §1956(h).

On November 19, 2020, this court received a letter from the defendant seeking release on home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), §12003(b)(2), or for compassionate release from imprisonment under 18 U.S.C. §3582(c)(1)(A) due to extraordinary and compelling circumstances during the COVID-19 pandemic. See Doc. 50. Defendant contended that her time credits were not properly calculated, and that the denial of her release on home confinement was erroneous. This letter was placed on the docket as a motion.

On December 16, 2020, defendant requested compassionate release under §3582(c)(1)(A). See Doc. 53. Defendant stated that around "5-2020" she submitted a request for compassionate release to the warden and did not receive a response within thirty days. However, she did not submit any documents to establish that she did in fact present a written request to the warden. Defendant asserted that she is at serious risk from COVID-19 due to obesity, her status as a former smoker, and the fact that she is African-

American. In her motion, defendant included an individualized needs plan and other documents which list the courses she has taken since being incarcerated as well as her participation in the cook's apprenticeship program.

On January 4, 2021, defendant submitted a letter in further support of her request for compassionate release. See Doc. 56. In this letter, she stated that she has contracted COVID-19 and she complained about the conditions in the institution. She asked to be released on home confinement.

Counsel was appointed to represent the defendant on November 20, 2020. On December 21, 2020, counsel filed a notice indicating that he would not be supplementing defendant's motions. Doc. 54.

Plaintiff claimed that she was on a list of inmates to be released on home confinement under the CARES Act, but that her release was denied by the warden in May because she had not served fifty percent of her sentence. Doc. 56, p. 2. She alleged that the CARES Act criteria were not applied correctly. However, the BOP has the sole authority to decide whether home confinement is appropriate under the CARES Act. See United States v. Daniels, No. 4:08-CR-0464-SLB, 2020 WL 1938973 at *1-2 (N.D. Ala. Apr. 22, 2020)(only the BOP has the authority to place a defendant on home confinement under the CARES Act); United States v. Serfass, No. 3:15-39, 2020 WL 1874126, at *3 (M.D. Pa. Apr. 15, 2020)(the determination of which inmates qualify for home confinement under the CARES Act is for the BOP director). This court does not have the authority to override the BOP's decision concerning home confinement placement under the CARES Act. To the extent that defendant alleged that her credits for time served were not

properly calculated, that claim must be raised in a petition under 28 U.S.C. §2241 filed in the district where defendant is incarcerated. See Woody v. Marberry, 178 F. App'x 468, 471 (6th Cir. 2006)(court can grant relief under §2241 when sentencing credits are miscalculated); Roman v. Ashcroft, 340 F.3d 314, 319 (6th Cir. 2003)(a court has jurisdiction over a habeas corpus petition only if the court has jurisdiction over the petitioner's custodian). Defendant is incarcerated in Kentucky, and this court has no jurisdiction to resolve her claim involving credit for time served.

Under §3582(c)(1)(A)(i), a motion for reduction in sentence for "extraordinary and compelling reasons" can be filed with the court if the defendant has exhausted her administrative remedies. If the defendant presents her request to the warden and receives no response within thirty days, she may then file a motion in the district court. See United States v. Daniels, No. 4:08-CR-0464-SLB, 2020 WL 1938973 at *2-3 (N.D. Ala. Apr. 22, 2020); Guzman v. United States, No. 2:10-CR-161, 2019 WL 1966106, at *2 (E.D.Tenn. May 2, 2019). This exhaustion requirement is not jurisdictional, but is a mandatory condition which must be enforced if the government timely objects to the failure to exhaust. United States v. Alam, 960 F.3d 831, 833-834 (6th Cir. 2020). Although defendant claims that she submitted a request for compassionate release to the warden, she has produced no documentary evidence to prove that she in fact has exhausted her administrative remedies.

Based on the foregoing, defendant's motions (Docs. 50, 53 and 54) are denied. Defendant's motion for release on home confinement under the CARES Act is denied. Defendant's motions for

compassionate release under §3582(c)(1)(A)(i) are denied without prejudice. The defendant may renew her request for compassionate release after she has exhausted her administrative remedies.

Date: January 12, 2021        s/James L. Graham
                                   James L. Graham
                                   United States District Judge